UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGELS OF CARE HOME HEALTH, INC., § § § § *Plaintiff,* § § v. § § Civil Action No. 3:18-CV-3268-X-BK § ALEX M. AZAR II, SECRETARY, § UNITED STATES DEPARTMENT § OF HEALTH AND HUMAN § SERVICES, § § *Defendant.* § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is the Magistrate Judge's Findings, Conclusions, and Recommendation regarding the plaintiff and the defendant's cross-motions for summary judgment. [Doc. No. 68]. The plaintiff objected to the Magistrate Judge's recommendation.[1] For the reasons stated below, the Court **ACCEPTS** the recommendation. The Court **GRANTS** Alex M. Azar II's motion for summary judgment and **DENIES** Angels of Care Home Health Inc.'s (Angels of Care) motion for summary judgment.

## I.   Facts

The Magistrate Judge summarized the relevant facts in her findings. Therefore, the Court declines to do so again, and instead refers the parties to that portion of the Magistrate Judge's findings, conclusions, and recommendation.

---

[1] Doc. No. 69.

## II.     Legal Standard

Courts may grant summary judgment if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A material fact is one "that might affect the outcome of the suit under the governing law."[3] And a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

The party moving for summary judgment bears the initial burden of identifying the evidence "which it believes demonstrate[s] the absence of a genuine [dispute] of material fact," but need not necessarily support its motion "with materials negating the opponent's claim."[5] The nonmoving party must "go beyond the pleadings" and establish "specific facts showing that there is a genuine [dispute] for trial."[6] "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may deny summary judgment or delay ruling on the motion.[7]

## III.     Analysis

At the crux of this matter is Angels of Care's assertion that Azar violated its due process rights as it went through a backlogged administrative review process for

---

[2] FED. R. CIV. P. 56(a).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c)(1).

[6] *McWhirter v. AAA Life Ins. Co.*, 622 F. App'x 364, 365 (5th Cir. 2015) (quoting *Celotex*, 477 U.S. at 324).

[7] *See* FED. R. CIV. P. 56(f).

recoupment of Medicare overpayments.[8] Azar responded that the department followed the Medicare Act process and that Angels of Care's decision not to escalate the matter does not mean that Angels of Care did not receive due process.[9]

The Medicare program processes too many claims per year to audit each one as it goes. Instead, it generally pays facially valid claims and conducts post-payment audits to detect overpayments.[10] After an alleged overpayment, providers can challenge that allegation through a four-step process followed by judicial review.[11] Here, Angels of Care went through the first two steps: (1) "redetermination" from an HHS contractor[12] and (2) reconsideration from a qualified independent contractor.[13] A party seeking to produce new evidence after steps one and two must demonstrate good cause to do so, showing that the party was precluded from introducing the evidence at or before step two.[14]

In its objection to the recommendation, Angels of Care did not attempt to demonstrate any good cause to introduce evidence but rather said that its evidence was not new.[15] Further, Angels of Care argued that it may not receive the opportunity

---

[8] *See* Doc. No. 68 at 4; Doc. 71 at 1.

[9] Doc. No. 59 at 25, 51–54.

[10] *See Sahara v. Azar*, 975 F.3d 523, 525 (5th Cir. 2020) (analyzing 42 U.S.C. § 1395ddd).

[11] 42 U.S.C. § 1395ff.

[12] 42 U.S.C. § 1395ff(a)(3); 42 C.F.R. § 405.948.

[13] 42 U.S.C. § 1395ff(b)-(c), (g); 42 C.F.R. §§ 405.902, 405.904(a)(2).

[14] 42 U.S.C. § 1395ff(b)(3).

[15] Doc. No. 69 at 2–3.

to present live testimony evidence at an escalated proceeding[16], arguing that the administrative process is not sufficient for due process.

In *Sahara v. Azar*, the Fifth Circuit held that the first two steps of the administrative process, combined with further remedies, were sufficient for due process.[17] Essentially, a party must receive the opportunity to be heard, and the first two steps of this process accomplish that.[18]

Further, as the Recommendation correctly concludes, the fact that a provider potentially plans to introduce evidence at a possible hearing before an administrative law judge (ALJ) does not mean that due process requires an ALJ hearing.[19] Also, the Court agrees with the Magistrate Judge's finding that Angels of Care did not show how any expert could deny Azar's findings of overpayment.

Angels of Care claims that requiring more detail with respect to expert testimony is not in line with Supreme Court precedent and that the Fifth Circuit's *Sahara* decision does not follow the Supreme Court.[20] This Court disagrees. First, not to state the obvious, but the Court cannot overturn the Fifth Circuit. Second, the

---

[16] *Id.*

[17] 975 F.3d at 532.

[18] *Id.* at 530.

[19] *Adams EMS, Inc. v. Azar*, H-18-1443, 2021 WL 51729, at *2 (S.D. Tex. Jan. 6, 2021) (Rosenthal, C.J.); *AJ Homecare Connection, Inc. v. Azar*, 3:20-CV-01639-M, 2020 WL 7010041, at *4 (N.D. Tex. Oct. 13, 2020) (Lynn, C.J.); *Infinity Healthcare Serv., Inc. v. Azar*, 349 F. Supp. 3d 587, 600 (S.D. Tex. 2018) (Werlein, J.).

[20] *See* Doc. No. 69 at 3–4; Doc. No. 71 at 2–3. Angels of Care stated that requiring more detail of its experts would inextricably intertwine its administrative appeal and this action. *Id.*; *see Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984). In *Heckler*, the Supreme Court held that the respondent's claims must first go through the administrative process for Medicare claims for benefits actions. *Id.* at 614. The Court also held that it must follow the administrative process that Congress set up. *Id.* at 627. Here, Angels of Care did follow the administrative process. Further, the process that Angels of Care must go through is for recoupment, not claims for benefits.

Supreme Court case that Angels of Care cites to is not on point. In that case, there were two groups of respondents: (1) those who had surgery and (2) those requesting reimbursement.[21] But this case concerns neither of those groups; instead, it involves recoupment of Medicare overpayment for which Congress "devised an intricate procedure . . . ."[22] In fact, the Supreme Court's decision in *Heckler v. Ringer* affirms the general principle that this administrative process as the one through which those seeking claims under the Medicare Act must go.[23] Angels of Care received its due process, per the Fifth Circuit's *Sahara* ruling.[24] Here, there is no erroneous deprivation of a due process interest.[25]

The Court agrees with the Magistrate Judge's findings and recommendation that there is no genuine dispute of material fact over whether Angels of Care received due process. Therefore, the Court accepts the recommendation.

## IV.  Conclusion

For the reasons stated above, the Court **ACCEPTS** the Magistrate Judge's recommendation and **GRANTS** Azar's motion for summary judgment. The Court **DENIES** Angels of Care's motion for summary judgment. A final judgment will follow.

---

[21] *Heckler*, 466 U.S. at 614–615.

[22] *Sahara*, 975 F.3d at 525.

[23] 466 U.S. at 626–27.

[24] *Sahara*, 975 F.3d at 530; *see also Gibson v. Tex. Dep't of Ins.*, 700 F.3d 227, 239 (5th Cir. 2012) (noting that the constitutional minimum of due process guarantees an opportunity to be heard and that notice be given at a meaningful time and in a meaningful manner).

[25] *Sahara*, 975 F.3d at 532; *Matthews v. Elridge*, 424 U.S. 319, 335 (1976).

**IT IS SO ORDERED** this 3rd day of August, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE